**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1165**

ROBERT M. SAMSON,

Plaintiff - Appellant,

v.

STATE OF NORTH CAROLINA, Office of the Attorney General; JOSHUA STEIN, State of North Carolina Office of the Attorney General; DIRECTOR BOB SCHURMEIR, North Carolina State Bureau of Investigation; EARNIE LEE, Sampson County District Attorneys Office,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:19-cv-00443-BO)

Submitted: May 25, 2021                    Decided: May 27, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Robert M. Samson, Appellant Pro Se. Joseph Finarelli, Special Deputy Attorney General, Bryan Grant Nichols, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert M. Samson seeks to appeal the district court's order dismissing his civil complaint. Appellee Earnie Lee has moved to dismiss the appeal as untimely.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on November 24, 2020. Samson filed the notice of appeal on February 11, 2021. Because Samson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period,[*] we grant Lee's motion and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Though filed within the excusable neglect window, Samson's motion for "legal clarification" of the district court's order cannot serve as a Rule 4(a)(5) motion, as it contained no explicit request to extend the appeal period. *See Myers v. Stephenson*, 748 F.2d 202, 204 (4th Cir. 1984) ("The relevant filing period for all appellants, *pro se* or otherwise, can be extended only by explicitly requesting an extension of time in accordance with [Rule] 4(a)(5).").